UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL LAMBERT** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-1596** |
| **CITY OF HAMMOND, ET AL.** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendant the City of Hammond's Motion to Dismiss.[1] This litigation involves alleged violations of the Louisiana Public Records Law.[2] The City of Hammond argues that the case should be dismissed because a person is not entitled to file suit alleging violation of the Louisiana Public Records Law until after "the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays" from the date of submission of a public records request.[3] The instant motion was set for submission on September 17, 2025. To date, Plaintiff has not filed a response to the motion. As such, the motion shall be deemed unopposed. Considering the motion, the record, and the applicable law, the Court grants the motion.

## I. Background

On July 8, 2025, Plaintiff Daniel Lambert ("Plaintiff") filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa against the City of Hammond, Mayor Pete Panepinto, Councilman Devon Wells, Councilman Sam DiVittorio, Councilman Kip

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 2.

[3] Rec. Doc. 8 at 1 (citing La. R.S. § 44:35(A)).

Andrews, City Attorney Andre Coudrain, and John Does 1-5 (collectively "Defendants").[4] The petition alleges that on or about June 24, 2025, the City of Hammond Council considered two ordinances affecting access to bars for people 18-20 and banning alcohol services in city parks.[5] The petition alleges that Councilman Kip Andrews made a motion to table the first ordinance before allowing any public comment in direct violation of Louisiana Revised Statute § 42:14(D), which requires public input prior to action.[6] The petition further alleges that on the second ordinance, limited public comment was allowed, and Plaintiff was placed on a strict timer, often told to "stay on topic," despite directly addressing the ordinance under discussion.[7] The petition states that other speakers who supported the ordinance were not interrupted or timed, demonstrating viewpoint-based discrimination.[8]

The petition alleges that in a prior Council meeting, on or about June 10, 2025, Councilman Devon Wells public stated, "People could be killed in [Plaintiff's] business, and it would be covered up."[9] The petition states that Councilman Kip Andrews used the City of Hammond's letterhead and government resources to send petitions and monthly newsletters to clergy soliciting support for the ordinance, which Plaintiff alleges is an unethical use of public resources for private policy advocacy.[10] On July 3, 2025, Plaintiff submitted a public records request seeking minutes, text records, internal emails, and any clergy-directed communications, which the City of

---

[4] Rec. Doc. 2-2.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 4.

[10] *Id.*

Hammond has failed to respond to.[11] Plaintiff brings claims against Defendants for (1) violations of First and Fourteenth Amendment; (2) violations of Louisiana Constitution, Article I § 7; (3) violation of Louisiana Open Meetings Law; (4) defamation; and (5) violations of Louisiana Public Records Law.[12]

On August 4, 2025, the City of Hammond filed a Notice of Removal.[13] On August 27, 2025, the City of Hammond filed the instant motion.[14] To date, Plaintiff has not filed a response to the motion.[15]

## II. The City of Hammond's Arguments

In support of the motion, the City of Hammond states that, pursuant to Louisiana Revised Statute § 44:35(A), a person is not legally entitled to file suit alleging violation of the Louisiana Public Records Law until after "the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays" from the date of submission of a public records request.[16] The City of Hammond points out that in the petition, Plaintiff states that he submitted a public records request on July 3, 2025.[17] The motion states that the petition was filed on July 8, 2025.[18] The motion states that July 4, 2025 was a legal holiday, July 5th and 6th were weekend days.[19] The City of Hammond

---

[11] *Id.*

[12] *Id.* at 4 – 5.

[13] Rec. Doc. 2.

[14] Rec. Doc. 8.

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 8-1 at 1.

[18] *Id.* at 2.

[19] *Id.*

contends that the petition was filed only two business days following the submission of Plaintiff's public records request.[20] For these reasons, the City of Hammond contends that Plaintiff has failed to state a claim for which relief can be granted under the Louisiana Public Records Law.[21]

### III. Law and Analysis

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[22] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[23] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] "Factual allegations must be enough to raise a right to relief above the speculative level."[25] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[26]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[27] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[28] "While legal conclusions

---

[20] *Id.*

[21] *Id.*

[22] Fed. R. Civ. P. 12(b)(6).

[23] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[25] *Twombly*, 550 U.S. at 555.

[26] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[27] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[28] *Iqbal*, 556 U.S. at 678–79.

can provide the framework of a complaint, they must be supported by factual allegations."[29] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[30] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[31] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[32] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[33] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[34]

The City of Hammond seeks to dismiss Plaintiff's claim brought under the Louisiana Public Records Law. Plaintiff alleges that he submitted a public records request on July 3, 2025, and that Defendants failed to timely respond. Plaintiff filed the petition initiating this action on July 8, 2025.

Louisiana Revised Statute § 44:35(A) provides that a person seeking enforcement of the Public Records Law may institute suit when the custodian "fails to respond to the requestor within five business days of the receipt of the request." The statute requires that five business days elapse

---

[29] *Id.* at 679.

[30] *Id.* at 678.

[31] *Id.*

[32] *Id.*

[33] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[34] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

before suit is filed.

Based on the allegations in the petition, Plaintiff's request was submitted on July 3, 2025. Counting five business days from that date, the earliest Plaintiff could institute suit was July 11, 2025. Plaintiff filed suit on July 8, 2025—three business days after the request—before the statutory period had expired. For these reasons, the Complaint fails to state a claim upon which relief can be granted under Louisiana Public Records Law.

Accordingly,

**IT IS ORDERED** that the motion[35] is **GRANTED**. Plaintiff's claims brought under the Louisiana Public Records Law are **DISMISSED**.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of December, 2025.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[35] Rec. Doc. 8.