UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL LAMBERT** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-1596** |
| **CITY OF HAMMOND, ET AL.** | **SECTION: "G"(4)** |

### ORDER AND REASONS

Before the Court is Defendants the City of Hammond, Mayor Pete Panepinto, Councilman Devon Wells, Councilman Sam DiVittorio, Councilman Kip Andrews, and City Attorney Andre Condrain (collectively "Defendants") Motion for Summary Judgment.[1] The instant motion was set for submission on January 21, 2026. Pursuant to Local Rule 7.8, any opposition to the motion was to be filed on or before January 13, 2026. To date, Plaintiff has not filed a response to the motion. As such, the motion shall be considered unopposed. Considering the motion, the memorandum in support, the record and the applicable law, the Court grants the motion.

### I. Background

On August 8, 2025, Plaintiff filed a petition in the 21st Judicial District Court for the Parish of Tangipahoa, asserting claims of viewpoint discrimination, violation of the Louisiana Open Meetings Law, violation of the Louisiana Public Records Law, and defamation against Defendants.[2] The petition alleges that on or about June 10, 2025, at a Hammond City Council

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 2.

1

meeting, Councilman Devon Wells publicly stated, "people could be killed in [Plaintiff's] business and it would be covered up."[3] The petition states that this statement was defamatory.[4]

On or about June 24, 2025, at a subsequent Hammond City Council meeting, the City Council considered two ordinances affecting access to bars for people 18-20 years old and banning alcohol services in city parks.[5] The petition alleges that Councilman Kip Andrews made a motion to table the first ordinance before allowing any public comment in direct violation of Louisiana Revised Statute § 42:14(D), which requires public input prior to action.[6] The petition further alleges that, on the second ordinance, limited public comment was allowed, and Plaintiff attempted to speak.[7] Plaintiff states that he was placed on a strict timer and told by Councilmen Kip Andrews, Devon Wells, and Sam DiVittorio to "stay on topic," despite his comments directly addressing the ordinance.[8] The petition alleges that other speakers who supported the ordinance or who spoke on religious or emotional grounds were not interrupted or timed, which Plaintiff alleges demonstrates viewpoint-based discrimination.[9]

The petition states that Councilman Kip Andrews used City of Hammond letterhead and government resources to send petitions and monthly newsletters to clergy soliciting support for the ordinances, which Plaintiff alleges was an unethical use of public resources for private policy

---

[3] Rec. Doc. 2-2 at 3–4.

[4] *Id.* at 4.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

advocacy.[10] On July 3, 2025, Plaintiff states that he submitted a Public Records Request seeking speaker logs, minutes, text records, internal emails, and any clergy-directed communications to which the City failed to respond.[11]

On August 27, 2025, Hammond City filed a Motion for Partial Dismissal.[12] On December 8, 2025, the Court granted the City's motion, dismissing Plaintiff's claims brought under Louisiana Public Records Law.[13] On November 18, 2025, Defendants filed the instant Motion for Summary Judgment.[14] To date, Plaintiff has not filed a response to the motion.

## II. Defendants' Arguments

Defendants move for summary judgment, first arguing that Plaintiff has no claim for viewpoint discrimination.[15] Specifically, Defendants argue that they are allowed to place reasonable restrictions on speech during a public forum, as long as the restrictions do not "discriminate against speech on the basis of viewpoint, and is reasonable in light of the purpose served by the forum."[16] Defendants argue that Plaintiff's claim that he "was placed on a strict timer," and "forced to 'stay on topic,'" while others who spoke in support of the ordinances were not, are unsubstantiated.[17] Defendants assert that the record from the meetings prove that while Plaintiff was notified that he was at the three minute time limit, and to stay on the topic of the

---

[10] *Id.* at 4.

[11] *Id.*

[12] Rec. Doc. 8.

[13] Rec. Doc. 15.

[14] Rec. Doc. 13.

[15] Rec. Doc. 13-1 at 7.

[16] *Id.*

[17] *Id.* at 8.

3

ordinance, he was never asked to stop speaking, and when he did, he did so voluntarily.[18] Defendants claim that Plaintiff cannot establish that unreasonable restrictions were placed on him because of his opposition to the ordinances, as the restrictions effect every public speaker and are neutral geared to maintain order, fairness, and decorum.[19] Thus, Defendants assert that the claim should be dismissed with prejudice.[20]

Next, Defendants argue that Plaintiff does not have a claim for violation of the Louisiana Open Meetings Law.[21] Specifically, Defendants assert that Plaintiff's claim that Defendants violated the Louisiana Open Meetings Law by not allowing public comment at the June 24, 2025 meeting was cured at the July 22, 2025 meeting.[22] Defendants cited *Brown v. Monroe Municipal Fire and Civil Service Board*, arguing that in that case, the Court of Appeal held that any violation of the Louisiana Open Meetings Law at a previous meeting was cured by a second meeting that was in compliance with the Law.[23] Thus, Defendants argue that to the extent the Louisiana Open Meetings Law was violated at the June 24, 2025 meeting, there was a subsequent meeting, at which, the issue was cured, rendering the original violation irrelevant and the claim should be dismissed with prejudice.[24]

---

[18] *Id.*

[19] *Id.* at 9.

[20] *Id.*

[21] *Id.* at 10.

[22] *Id.* at 11.

[23] *Id.* at 12.

[24] *Id.*

Lastly, Defendants argue that Plaintiff's defamation claim should be dismissed.[25] Namely, Defendants argue that the comments made by Councilman Devon Wells that Plaintiff is claiming to be defamation was made by a legislator, during a legislative meeting, about a legislative matter; therefore, the comments are protected by absolute legislative privilege.[26] Thus, Defendants contend the claim should be dismissed with prejudice.[27]

### III. Legal Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate in cases when the pleadings, affidavits, and discovery prove that "there is no issue as to any material fact and the movant is entitled to a judgment as a matter of law."[28] The party against whom summary judgement is sought cannot "rest on the allegations or denials in [their] pleadings [and] must come forward with sufficient evidence to demonstrate a 'genuine issue for trial.'"[29] All reasonable inferences are drawn in favor of the nonmoving party.[30] A motion for summary judgment must not be granted if the dispute as to a material fact is "'genuine,' that is, if the evidence is such that a reasonable jury could not return a verdict for the nonmoving party."[31]

The party seeking summary judgment bears the burden of proving the "absence of a genuine issue of material fact."[32] Thus, "failure of proof concerning an essential element of the

---

[25] *Id.* at 13.

[26] *Id.*

[27] *Id.* at 15.

[28] Fed. R. Civ. P 56(a).

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247.

[30] *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343.

[31] *Anderson,* 477 U.S. at 247.

[32] *Id.*

nonmoving party's case necessarily renders all other facts immaterial."[33]  If the moving party satisfies their burden of persuasion, the burden then shifts to the nonmoving party "either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery."[34]

## IV. Analysis

Defendants move for summary judgment on Plaintiffs claims for (1) Viewpoint Discrimination; (2) Violation of the Louisiana Open Meetings Law; and (3) defamation. The Court addresses each argument in turn:

### A.    *Viewpoint Discrimination Claim*

A limited public forum provides "for public expression of particular kinds or by particular groups."[35] The government can restrict speech in limited public forums as long as the restriction "(1) does not discriminate against speech on the basis of viewpoint and (2) is reasonable in light of the purpose served by the forum."[36] Here, the City of Hammond Council Meeting is a limited public forum, as the meeting allows for public comment of particular kinds or by particular groups on topics that may or may not affect them. Additionally, the Council Meeting Rules provide that anyone wishing to speak "must adhere to the item at hand, and the rules of decorum of the council."[37] Further, the rules state that the "Council Clerk shall monitor speakers for compliance with the time limits for public comment."[38] Thus, the restriction of a three-minute time limit for

---

[33] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323.

[34] *Id.*

[35] *Fairchild v. Indep. Sch. Dist.,* 597 F.3d 747, 758 (5th Cr. 2010).

[36] *Id.*

[37] Rec. Doc. 13-8 at 4,

[38] *Id.*

6

public speakers, and the requirement that the speakers stay on the topic open for public comment does not discriminate against speech based on viewpoint.

The Council Clerk did not strictly enforce these rules against Plaintiff and others who opposed the ordinance, even allowing for additional time, which exceeded the time limit. The undisputed evidence in the record establishes that at the June 24, 2025 Council Meeting, Plaintiff addressed the Parks Ordinance and had the opportunity to continue speaking after he exceeded the time limit, but voluntarily chose to sit down after being told that he was at the three-minute time limit. Importantly, the City Council implemented these rules to keep the decorum, order, and fairness of the meetings. Thus, the implementation and enforcement of the three-minute rule and adherence to the topic at hand rule is reasonable in light of the purpose of the forum, which is to allow timely, open conversation on specific topics at issue.

Since Defendants presented evidence that the rules in place adhere to the First Amendment and there was not differential treatment based on viewpoint, and Plaintiff has not responded or presented evidence of a genuine issue of material fact, Defendants are entitled to summary judgment in their favor on this issue.

## B.    *Louisiana Open Meetings Law Claim*

Article XII, § 3 of the Louisiana Constitution states that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." This constitutional provision is meant to ensure that citizens are able to observe deliberations of public bodies and protect them from secret decisions being made without any opportunity for input.[39]

---

[39] *Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 2001-1951, p. 14 (La. App. 1 Cir. 12/28/01), 805 So. 2d 400, 409 (citing *Delta Development Company, Inc. v. Plaquemines Parish Commission Council*, 451 So. 2d 134, 138 (La. App. 4 Cir.).

The Louisiana legislature enacted the Open Meetings Law, Louisiana Revised Statute § 42:11, *et seq.*, to ensure that the protections of Article XII, § 3 are fulfilled. Section 42:14(D) states:

> Except school boards, which shall be subject to R.S. 42:15, each public body conducting a meeting which is subject to the notice requirements of R.S. 42:19(A) shall allow a public comment period at any point in the meeting prior to action on an agenda item upon which a vote is to be taken. The governing body may adopt reasonable rules and restrictions regarding such comment period.[40]

Under the Open Meetings Law, every meeting of a public body must be open to the public, unless it is one of those few that are closed subject to statutory provisions.[41] The provisions of the Open Meetings Law shall be construed liberally.[42] Actions taken in violation of the Open Meetings Law are voidable by a court of competent jurisdiction.[43] Thus, a violation of the Open Meetings Law is not an absolute nullity, and can be cured or ratified by subsequent compliance with the Law.[44]

Here, Plaintiff claims that Defendants violated the Louisiana Open Meetings Law when they did not allow public comment on an ordinance prior to tabling it at the June 24, 2025 meeting. Section 42:14 of the Open Meetings Law states that "each public body *shall* allow a public comment period at any point in the meeting prior to action on an agenda." In this case, Defendants did not allow public comment on the ordinance before tabling it at the June 24, 2025 meeting, thus a violation of the Open Meetings Law did occur. However, Defendants cured the issue by allowing

---

[40] La. Rev. Stat. § 42:14 (D).

[41] La. Rev. Stat. § 42:14.

[42] La. Rev. Stat. § 42:12.

[43] La. Rev. Stat. § 42:24.

[44] See, e.g., *Brown v. Monroe Mun. Fire & Civ. Police Serv. Bd.*, 262 So. 3d 985, 988; *Delta Dev. Co. v. Plaquemines Parish Com. Council*, 451 So. 2d 134, 137.

for public comment on the ordinance at the July 22, 2025. Plaintiff has not responded to the instant motion or presented any evidence to suggest there is an issue as to a material fact of this claim. Therefore, Defendants are entitled to summary judgment in their favor on this issue.

### C.   *Defamation Claim*

"Defamation involves the invasion of a person's interest in his or her reputation and good name."[45] In order for Plaintiff to have a claim for defamation, he must prove "(1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury."[46] However, Article II, Section 8 of the Louisiana Constitution states that:

> A member of the legislature shall be privileged from arrest, except for felony, during his attendance at sessions and committee meetings of his house and while going to and from them.  No member shall be questioned elsewhere for any speech in either house.[47]

Additionally, "[t]his article has been held to constitute 'an absolute bar to interference when members are acting within the legislative sphere.'"[48] Thus, "the clause protects against inquiry into the acts that occur in the regular course of the legislative process."[49] The Louisiana First Circuit Court of Appeal has applied these principles to grant a city council member absolute immunity for alleged defamation that occurred during a city council meeting.[50]

Plaintiff alleges that Councilman Devin Wells made defamatory comments regarding Plaintiff during a City Council Meeting. These alleged comments were made by Councilman Wells

---

[45] *Roper v. Loupe*, 2015-1956 (La. App. 1 Cir. 10/28/16), 2016 WL 6330407, at *4.

[46]  *Id.* (citing *Starr v. Boudreaux*, 2007-0652 (La. App. 1 Cir. 12/21/07), 978 So. 2d 384, 389).

[47] La. Const. Art. III, § 8.

[48] *Roper*, 2016 WL 6330407, at *6 (citing *Ruffino v. Tangipahoa Parish Council*, 2006-2073 (La. App. 1 Cir. 6/8/07) 965 So. 2d 414, 417).

[49] *Id.*

[50] *Id.* at *10.

while he was in his capacity as a Councilman, during a City Council Meeting, which is within the legislative sphere. Assessing whether Councilman Wells' statements meet the elements of defamation is of no moment, because he was acting within the legislative sphere. Thus, Councilman Wells is entitled to absolute immunity on the defamation claim.

## V. Conclusion

For the reasons stated herein, the Court finds that Defendants are entitled to a judgment as a matter of law. Plaintiff has not responded to this motion or put forth any evidence to show that there are material facts in dispute. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment[51] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this __6th__ day of February, 2026.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[51] Rec. Doc. 13.